UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


CHRISTOPHER WEIRUP,

        Petitioner,

v.                                     CASE NO. 2:07-10672
                                       HONORABLE ANNA DIGGS TAYLOR

L.C. EICHENLAUB,

        Respondent.
_____/

**OPINION AND ORDER GRANTING PETITIONER'S AND RESPONDENT'S
MOTIONS FOR ENLARGEMENT OF TIME AND GRANTING
PETITIONER'S APPLICATION FOR THE WRIT OF HABEAS CORPUS**

    Petitioner Christopher Weirup has filed a *pro se* application for the writ of habeas corpus under 28 U.S.C. § 2241. Also pending before the Court are Respondent's motion for an extension of time to file a responsive pleading and Petitioner's motion for an extension of time to file a reply.

    The habeas petition challenges the decision of the Federal Bureau of Prisons ("the Bureau of Prisons" or "the Bureau") not to transfer Petitioner to a residential re-entry center (RRC)[1] until the last ten percent or six months of his sentence. At issue are two federal statutes and two federal regulations interpreting the statutes. Four federal appellate courts have found the regulations in question to be invalid. *See Wedelstedt v. Wiley*, 477 F.3d 1160 (10th Cir. 2007); *Levine v. Apker*, 455 F.3d 71 (2d Cir. 2006); *Fultz v. Sanders*, 442 F.3d 1088 (8th Cir. 2006); *Woodall v. Federal Bureau of Prisons*, 432 F.3d 235 (3d Cir. 2005). On that basis, the

---

    [1] Residential re-entry centers formerly were known as community corrections centers (CCC) or halfway houses.

Court finds the regulations to be invalid and will grant the writ of habeas corpus. The motions for extension of time [Dkt. Nos. 5 and 7] also are granted.

## I. Background

Petitioner has been convicted of conspiracy to manufacture and distribute methamphetamine, 21 U.S.C. §§ 846 and 841(b)(1)(B), and creating a substantial risk of harm to human life, 21 U.S.C. § 858. On May 24, 2005, United States District Judge James E. Gritzner of the Southern District of Iowa sentenced Petitioner to sixty months in prison followed by four years of supervised release. Petitioner's projected release date is January 2, 2009.

On October 24, 2006, Petitioner asked the Bureau of Prisons to place him in an RRC immediately. Respondent denied the request, stating that pre-release designations were limited in duration to the last ten percent or six months of an inmate's prison term, whichever is less. Respondent stated that Petitioner would become eligible for RRC placement on July 21, 2008.

Petitioner appealed Respondent's decision to the Regional Director for the Bureau who upheld Respondent's decision. He stated that Petitioner would be considered no later than eleven to thirteen months prior to his release date of January 2, 2009. Petitioner appealed the Regional Director's decision to the Administrator for Inmate Appeals, who also denied relief.

Petitioner alleges in his habeas corpus petition that the Bureau's policy of not placing him in an RRC until the last ten percent or six months of his term is invalid and a violation of his right to due process. He also alleges that the Bureau's policy violates the Ex Post Facto Clause of the United Sates Constitution because the policy amounts to a retroactive increase in his punishment.

Respondent asserts that Petitioner's claims are not cognizable in a habeas petition under

2

28 U.S.C. § 2241 and that Petitioner has not exhausted administrative remedies for his claims. Respondent also asserts that Petitioner is not entitled to individualized consideration for immediate placement in an RRC.

## II. Discussion

### A. Exhaustion of Administrative Remedies

Federal inmates complaining of the conditions of confinement are required to exhaust administrative remedies before raising their claims in federal court. *Little v. Hopkins*, 638 F.2d 953, 953-54 (6th Cir. 1981). The Bureau maintains a three-tiered administrative remedy program through which inmates may seek formal review of issues relating to any aspect of their confinement. *See* 28 C.F.R. § 542.10(a), 542.13-542.15. "An inmate has not fully exhausted his administrative remedies until he has appealed through all three levels." *Irwin v. Hawk*, 40 F.3d 347, 349 n.2 (11th Cir. 1994).

Petitioner had not exhausted administrative remedies when he filed his habeas petition. The Administrator for National Inmate Appeals subsequently entered a decision at step three of the administrative remedy program. Therefore, administrative remedies have been exhausted.

### B. Whether Petitioner May Bring his Claims under § 2241

Respondent asserts that Petitioner is not entitled to bring his claims in a habeas petition under 28 U.S.C. § 2241 because he is not challenging the duration of his confinement. While it is true that the traditional purpose of the writ of habeas corpus is to challenge the fact or duration of confinement, *see Preiser v. Rodriguez*, 411 U.S. 475, 499 n.14 (1973), the United States Court of Appeals for the Sixth Circuit has stated that a habeas petition under § 2241 is the proper remedy for a challenge to the execution or manner in which a sentence is served. *See United States v.*

*Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). Execution of a sentence includes challenges to the place of imprisonment, *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991), and prison transfers, *Jiminian v. Hash*, 245 F.3d 144, 146 (2d Cir. 2001). The Court therefore concludes that Petitioner is entitled to raise his claims in a habeas petition under § 2241.

### C. Due Process

Prisoners have "no inherent constitutional right to placement in any particular prison or in any particular section within the prison system." *Williams v. Bass,* 63 F.3d 483, 485 (6th Cir. 1995). In fact, the Supreme Court has "rejected the notion that '*any* change in the conditions of confinement having a substantial adverse impact on the prisoner involved is sufficient to invoke the protections of the Due Process Clause.'" *Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989) (quoting *Meachum v. Fano*, 427 U.S. 215, 244 (1976) (emphasis in original)). "As long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight." *Montayne v. Haymes*, 427 U.S. 236, 242 (1976). Therefore, Petitioner has no constitutional right under the Due Process Clause to placement in an RRC. The Court nevertheless believes for reasons given below that Petitioner is entitled to relief on other grounds.

### D. The Bureau's Decision to Limit Placement in an RRC

#### 1. The Statutes and Regulations in Question

A habeas petitioner is entitled to relief if he can show that "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C § 2241(c)(3). One of the federal laws in question here is 18 U.S.C. § 3621. This statute requires the Bureau to designate

the place of a prisoner's imprisonment and to consider five factors when determining the place of confinement. The statute reads in relevant part:

> The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering
>
> (1) the resources of the facility contemplated;
> (2) the nature and circumstances of the offense;
> (3) the history and characteristics of the prisoner;
> (4) any statement by the court that imposed the sentence--
> > (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
> >
> > (B) recommending a type of penal or correctional facility as appropriate; and
>
> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.
>
> . . . . The Bureau may at any time, having regard for the same matters, direct the transfer of a prisoner from one penal or correctional facility to another. . . .

18 U.S.C. § 3621(b).

> A related statute provides:
>
> The Bureau of Prisons shall, to the extent practicable, assure that a prisoner serving a term of imprisonment spends a reasonable part, not to exceed six months, of the last 10 per centum of the term to be served under conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare for the prisoner's re-entry into the community. The authority provided by this subsection may be used to place a prisoner in home confinement. The United States Probation System shall, to the extent practicable, offer assistance to a prisoner during such pre-release custody.

18 U.S.C. § 3624(c).

5

Until December of 2002, the Bureau was willing to place inmates in an RRC for more than the last ten percent or last six months of their sentences, *Levine*, 455 F.3d at 75, or for as much as six months at the end of their sentences, regardless of the length of their sentences. *Fultz*, 442 F.3d at 1089; *Woodall*, 432 F.3d at 240. On December 13, 2002, however, legal counsel for the Department of Justice concluded that this practice exceeded the Bureau's authority. *Id*. Ultimately, the Bureau promulgated two regulations, which are consistent with legal counsel's conclusion. The regulations became effective in 2005. The first one reads:

> (a) This subpart provides the Bureau of Prisons' (Bureau) categorical exercise of discretion for designating inmates to community confinement. The Bureau designates inmates to community confinement only as part of pre-release custody and programming which will afford the prisoner a reasonable opportunity to adjust to and prepare for re-entry into the community.
>
> (b) As discussed in this subpart, the term "community confinement" includes Community Corrections Centers (CCC) (also known as "halfway houses") and home confinement.

28 C.F.R. § 570.20.

> The second regulation reads:
>
> (a) The Bureau will designate inmates to community confinement only as part of pre-release custody and programming, during the last ten percent of the prison sentence being served, not to exceed six months.
>
> (b) We may exceed these time-frames only when specific Bureau programs allow greater periods of community confinement, as provided by separate statutory authority (for example residential substance abuse treatment program (18 U.S.C. § 3621(e)(2)(A)), or shock incarceration program (18 U.S.C. § 4046(C)).

28 C.F.R. § 570.21.

### 2. The Bureau's Interpretation of the Statutes

Petitioner claims that the regulations in question and the Bureau's policy of not placing

prisoners in community confinement until the last ten percent or six months of their sentences is contrary to congressional intent. He also claims that the Bureau may not establish categorical rules regarding the placement of inmates in an RRC.

An agency's interpretation of its governing statute ordinarily is entitled to deference. *Chevron v. Nat'l Resources Defense Council, Inc.*, 467 U.S. 837, 844 (1984). If Congress " has directly spoken to the precise question at issue" and if its intent is clear, "that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress." *Id.* at 842-43. If Congress has not directly addressed the issue or if the statute is silent or ambiguous, the question is "whether the agency's answer is based on a permissible construction of the statute." *Id*. at 843.

The intent of 18 U.S.C. § 3621(b) is clear. It requires the Bureau of Prisons to consider five factors when designating a prisoner's place of imprisonment. Consequently, there is no need to defer to the Bureau's interpretation of 18 U.S.C. § 3621(b). *Fultz*, 442 F.3d at 1090; *Wedelstedt*, 477 F.3d at 1167.

Even if the statute were deemed ambiguous, the Bureau's regulations are not based on a permissible construction of the statute. In the first place, the enumeration of five factors in the statute after the word "considering," suggests that the Bureau must weigh those factors when considering an inmate's placement. *Levine*, 455 F.3d at 81; *accord Fults*, 442 F.3d at 1091-92; *Woodall*, 432 F.3d at 245.

The legislative history of the statute also leads to the conclusion that consideration of the five factors in 18 U.S.C. § 3621(b) is mandatory. *Levine*, 455 F.3d at 82; *Woodall*, 432 F.3d at 245-46. In fact, a Senate Judiciary Committee report "disavows any restriction on the [Bureau's]

7

exercise of discretion . . . ." *Levine*, 455 F.3d at 82.

Furthermore, the Bureau's regulations (28 C.F.R. §§ 570.20 and 570.21), categorically remove from consideration the five factors set forth in 18 U.S.C. § 3621(b). *Woodall*, 432 F.3d at 244. Although the Government argues that the Bureau is authorized to exercise categorical rulemaking authority under *Lopez v. Davis*, 531 U.S. 230 (2001), *Lopez* is not controlling. In *Lopez* the Supreme Court was concerned only with 18 U.S.C. § 3621(e)(2)(b), which "offers no specific criteria to be considered - other than the overarching criterion that only nonviolent offenders are eligible for early release."[2] *Fults*, 442 F.3d at 1091. In contrast, three of the factors in 18 U.S.C. § 3621(b) (the nature and circumstances of the offense, the history and characteristics of the prisoner, and any statement by the court that imposed the sentence) "cannot be fully considered without evaluating inmates on a case-by-case basis." *Id.*

Sections 3621(b) and 3624(c) may appear to contradict each other, but

> [t]he statutory command in § 3621(b) stands alone as a clear and unambiguous articulation of congressional intent regarding the process by which the [Bureau of Prisons] should make placement and transfer determinations. *Accord Levine,* 455 F.3d at 82; *Woodall,* 432 F.3d at 246. Although § 3624(c) surely imposes an affirmative obligation on the BOP, whenever practicable, to place an inmate in a CCC or other form of community confinement as the inmate's release date nears, § 3624(c) has no bearing on whether a CCC may be considered as a place of imprisonment at some earlier point in a prisoner's period of incarceration. *See Prows* [*v. Federal Bureau of Prisons*, 981 F.2d 466, 469 (10th Cir. 1992)] (interpreting § 3624(c) as imposing a mandatory obligation on the [the Bureau of Prisons] to facilitate a prisoner's pre-release transition, but explicitly stating § 3624(c) does not affect the agency's discretion in determining an individual prisoner's place of imprisonment prior to the pre-release period); *accord Woodall,*

---

[2] Section 3621(e)(2)(B) allows the Bureau to reduce a prisoner's sentence up to one year if the prisoner has successfully completed a substance abuse treatment program and has not been convicted of a violent offense. "The *Lopez* Court was careful to state that 18 U.S.C. § 3621(e)(2)(B) . . . did not identify any criteria for the [Bureau] to use in either granting or denying early release to individual nonviolent offenders." *Wedelstedt*, 477 F.3d at 1168.

8

> 432 F.3d at 250 ("[Section] 3624[ (c)] does not determine when the [Bureau of Prisons] should *consider* CCC placement, but when it must *provide* it."); *Elwood*, 386 F.3d at 847 ("Under § 3621(b), the [Bureau of Prisons] *may* place a prisoner in a CCC for six months, or more. Under § 3624(c) the BOP *must* formulate a plan of pre-release conditions." (emphasis added)); *Goldings v. Winn,* 383 F.3d 17, 26 (1st Cir. 2004) (same) . . . . [Section] 3624(c) has no bearing on whether §§ 570.20 and 570.21 are consistent with the § 3621(b) statutory scheme for [Bureau of Prisons] placement and transfer determinations.

*Wedelstedt*, 477 F.3d at1166.

### III. Conclusion

The Court concludes for the reasons given above and in *Wedelstedt*, *Levine*, *Fultz*, and *Woodall* that 28 C.F.R. §§ 570.20 and 570.21 conflict with the clear intent of 18 U.S.C. § 3621(b) and, therefore, are invalid. A categorical approach to the placement of inmates in RRCs, which is based solely on the length of a prisoner's sentence, is inconsistent with 18 U.S.C. § 3621. *Levine*, 455 F.3d at 86.

Accordingly, Petitioner's habeas corpus petition is **GRANTED**. The Bureau is directed to consider immediately whether Petitioner is eligible for transfer to an RRC. The Bureau shall make a good faith effort to consider the factors in 18 U.S.C. § 3621(b) without reference to 28 C.F.R. §§ 570.20 and 570.21. The Court declines to consider Petitioner's Ex Post Facto claim, because it has granted relief on Petitioner's other claims.

DATED: August 7, 2007         **s/Anna Diggs Taylor**
                              ANNA DIGGS TAYLOR
                              UNITED STATES DISTRICT JUDGE

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail disclosed on the Notice of Electronic Filing on August 7, 2007.

Christopher Weirup, #12009-030
FCI Milan
Federal Correction Institute
P.O. Box 1000
Milan MI 48160-0190

                                                s/Johnetta M. Curry-Williams
                                                Case Manager